## Solomon Segal, Defendant in Error, v. Joseph Goldberg, Plaintiff in Error.

### Gen. No. 18,497.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed January 26, 1915.

### Statement of the Case.

Action by Solomon Segal against Joseph Goldberg for the return of $350 alleged to have been deposited with defendant under the terms of a lease by which said sum was to be held by defendant, as lessor, until the termination of said lease as security for the purpose of indemnifying the lessor for the removal of the front of the building, and was to be returned with three per cent. interest per annum unless the lessee failed to restore the said front "at the expiration of the lease," in which event it was to be retained as fixed and liquidated damages. The lease also provided for a penalty of $10 each day the tenant held over. The case was tried before the court without a jury and there was a finding and judgment in favor of plaintiff for $235. To reverse the judgment, defendant prosecutes a writ of error.

The testimony tended to show that at the expiration of the lease, the lessee offered to make the restoration but was deterred from so doing by the lessor, that the cost of restoration would have been $150, and that the lessee surrendered the keys five days after the lease expired. The court evidently arrived at its finding by deducting from the amount of the deposit and three per cent. interest thereon to the date of the expiration of the lease the estimated cost of restoring the building and $50 for holding over, thus leaving $200, on which the statutory interest to the date of judgment was $35.

HARRY BROWN, for plaintiff in error; L. M. ACKLEY, of counsel.

DOUGLAS C. GREGG, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

' DAMAGES, § 85*—*when deposit under terms of lease treated as penalty.* A deposit made by the lessee with the lessor which by the terms of the lease was to be retained by the lessor in case the lessee failed to restore the front of the building at the expiration of the lease, *held* properly treated by the court as a penalty rather than liquidated damages in a suit to recover it, where the only competent evidence on the estimated cost of restoring the building was offered by plaintiff, from the nature of which it appeared the cost could be computed with approximate certainty.

---

### City of Chicago, Plaintiff in Error, v. E. H. Allen, Defendant in Error.

#### Gen. No. 20,006.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1914. Affirmed. Opinion filed January 26, 1915.

### Statement of the Case.

Prosecution by the city of Chicago against E. H. Allen in which defendant was charged with disorderly conduct in violation of a city ordinance. Upon a trial by the court without a jury defendant was acquitted. To reverse the judgment, plaintiff prosecutes a writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.